**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHARLES BRACKEN,
                    Plaintiff,

                                          No. 2:19-cv-185 DSC

        v.

MANOR TOWNSHIP, THE MANOR
TOWNSHIP POLICE DEPARTMENT, and
FORMER CHIEF ERIC S. PETROSKY (in
his official capacity and as an individual),
jointly and severally,                        JURY TRIAL DEMANDED

                    Defendants.

**BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO**
**MOTION TO DISMISS AMENDED COMPLAINT IN PART**

A.    **Plaintiff's purported Fourth Amendment Malicious Prosecution Claim does not save his Fourteenth Amendment Due Process Claim.**

In response to Defendants' contention that Plaintiff has failed to state a plausible claim for relief under the Fourteenth Amendment's due process clause Plaintiff points to allegations of his Amended Complaint which  purportedly state a Fourth Amendment malicious prosecution claim resulting in the deprivation of "property" and "liberty" interests.  Plaintiff's argues that the seizure of his sidearm resulted in the loss of "property" and the restrictions on his ability to work and earn money as an elected state constable, resulted in the loss of "liberty"; two interests protected by the due process clause.

Defendants submit that Plaintiff's argument to preserve his Fourteenth Amendment Due Process claim fails.  Initially, as Defendants argued in their Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint in Part, a substantive Due Process claim

1

premised upon allegations of the violations of rights afforded by the Fourth Amendment is barred by the "more specific provision rule". (ECF No. 13, pp 12-13). That rule requires Plaintiff to vindicate alleged violations of Fourth Amendment rights, such as the right to be free from malicious prosecution through the Fourth Amendment, rather than the Fourteenth Amendment's substantive due process clause.

Furthermore, the facts alleged in the Amended Complaint do not support a Fourth Amendment malicious prosecution claim. Plaintiff cannot satisfy the fifth element of such a claim which requires that he "suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d. Cir. 2005).

As the Third Circuit noted in *DiBella*, "the type of constitutional injury the Fourth Amendment is intended to address is the deprivation of liberty accompanying prosecution, not prosecution itself". *DiBella*, *Id*. at 603. As such, while a custodial detention and "onerous" types of pretrial noncustodial restrictions such as a restriction from out-of-state travel may arguably constitute a seizure for purposes of a Fourth Amendment malicious prosecution claim, "simply being forced to appear at a trial or pretrial hearings is not sufficient." *DiBella, Id*.

Plaintiff alleges that Chief Petrosky filed the purportedly baseless criminal charges against him on November 22, 2017 (*Amended Complaint, ECF Doc. No. 3, ¶119*). Plaintiff alleges that thereafter on December 28, 2017, he was stripped of his certification to carry a firearm thereby depriving him of his right to work. (*Id.* ¶109). Plaintiff alleges that he appeared with his attorney for a preliminary hearing even though he alleges that Chief Petrosky told him not to attend on the basis that Plaintiff believes he did not want Plaintiff

2

to know that he was being "forced" to withdraw the charges at the preliminary hearing. (*Id.* ¶¶81 - 82).   Plaintiff alleges that the charges were withdrawn without his being detained and that he was able to retrieve his sidearm from Chief Petrosky some time in February, 2018. (*Id.* ¶¶84, 86).

Further, Plaintiff's allegations of employment-related restrictions do not implicate the type of substantial deprivation of liberty contemplated by a Fourth Amendment claim malicious prosecution claim.  See, *Lear v. Zanic*, 524 Fed. App'x. 797, 800 (3d. Cir 2013) (finding that employment-related restrictions such as restricted duty, inability to wear a uniform outside police barracks, surrender of weapon and prohibition on overtime pay were employment-related restrictions which did not amount "to a deprivation of personal liberty as contemplated by our case law, which focuses on actual detention, posting of bonds and restriction from travel").

There are no allegations in the Amended Complaint to suggest that Plaintiff was detained or required to post bond as  a consequence of the filing of the allegedly false criminal charges in November, 2017.  Plaintiff thus fails to satisfy  the fifth element of a Fourth Amendment malicious prosecution claim.

Therefore, whether Plaintiff relies on such a Fourth Amendment violation to state a violation of the Fourteenth Amendment, or to state an alternative and distinct Fourth Amendment claim, such a federal malicious prosecution claim must fail.

**B.     Plaintiff's ability to work and earn money as an elected state constable is not a "liberty" or "property" interest warranting due process protections.**

While it is unclear from Plaintiff's response to Defendants' Motion to Dismiss whether Plaintiff is asserting that his interest in his position as an elected state constable is one deserving of substantive due process protections as well as procedural due process, there can be no doubt that that interest is not the type of substantive due process right "founded not upon state law but upon deeply rooted notions of fundamental personal interests derived from the Constitution." *Steele v. Cicchi*, 855 F.3d 494, 501 (3d. Cir. 2017). *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142 (3d. Cir. 2009) ("Public employment [does not] approach the interest implicit in the concept of ordered liberty . . .", *Id.*).

Moreover, the case upon which Plaintiff relies in advancing his argument of a cognizable liberty or property interest in his employment as constable is one which addresses a procedural due process claim only. See, *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1253 (3d Cir. 1994) (towing company's due process claim failed as it had not alleged any property interest entitled to protection). As such, Defendants submit that it is clear that Plaintiff's interest is his position as a constable could only arguable implicate procedural due process rights and that it deserves no further analysis under the substantive due process clause.[1]

Plaintiff contends that he has a liberty or property interest subject to due process protections premised upon his right to "follow a chosen profession free from unreasonable governmental interference." (ECF No. 23, p. 17). Plaintiff's reliance on the constitutional protections afforded the right to pursue a calling or occupation is misplaced. The right to

---

[1]    While substantive due process does not protect such a interest in continued employment, procedural due process may. To have a property interest in employment subject to procedural due process protections, "a person must have more than a unilateral expectation of continued employment; rather she must have a legitimate entitlement to such continued entitlement." *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d. Cir. 2006).

4

continue working as a constable is not the type of interest protected by due process.  See, *Bracken v. County of Allegheny*, 2017 U.S. Dist. LEXIS 192264 (W.D. Pa, Civil Action No. 16-cv-171, November 21, 2017) (constable's continuing interest in serving bench warrants is insufficient to establish a liberty or property interest protected by the Fourteenth Amendment).

Whether a Fourteenth Amendment property interest exists is determined by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344 (1976).  Under Pennsylvania law, an elected official does not have a constitutionally protected interest in his elected office. *Haney v. Clinton Township*, 2012 WL 3144132, at 8 (W.D. Pa. 2012)(Civil Action No. 11-1373)(Fischer, J.)(citing *Sweeney v. Tucker*, 375 A.2d 698, 713 (Pa. 1977)("An elected office is a public trust, not the private domain of the officeholder...An elected official can never have tenure in the same sense as an ordinary public employee.  Thus as we have held in the past, elected officials' interest in their offices does not merit constitutional protection.").

Nevertheless, regardless of whether Plaintiff's status as an elected official could give rise to a liberty or property interest deserving procedural due process protections, Plaintiff did not allege a deprivation of that interest. The Amended Complaint shows that he maintained his status as constable throughout and since the events alleged in his Amended Complaint.   While Plaintiff alleges that his earnings were reduced as a result of his arrest in February, 2017, and the subsequent filing of criminal charges in November, 2017, Plaintiff does not allege a loss of his position as constable.

In his Brief in Opposition Plaintiff seems to suggest for the first time that he was altogether prohibited from working as constable, citing to the "Confidence in Law

Enforcement Act". *(ECF No. 23, p. 16)*.  That Act requires police officers to be suspended upon being charged with certain serious criminal offenses.

However, the "Confidence in Law Enforcement Act" does not apply to elected constables within the Commonwealth of Pennsylvania.  It applies to Pennsylvania State Police and municipal police officers.  See, *53 P.S. §752.4* (providing for suspension of "Law Enforcement Officers" charged with certain offenses immediately upon filing of charges until final disposition); §752.2 defining "law enforcement officer" as an individual employed as a member of the Pennsylvania State Police, or an individual employed as a police officer subject to the certification requirements for police officers; and  53 Pa. C.S. §2161 *et seq.,* identifying the law enforcement officers requiring certification which notably, does not include state constables.

Thus,  Plaintiff has failed to plead facts sufficient to show that he was deprived of a property interest deserving of procedural due process protections.

### C.    Plaintiff has also to identify the procedural process owed and denied.

The Amended Complaint fails to allege the  "process" Plaintiff is claiming he was owed and how such "process" was denied.  For this reason as well, the  Amended Complaint fails to state a claim for violation of procedural due process rights.  See, *Washington v. Hanshaw*, 552 F. App'x 169, 174 (3d. Cir. 2014) (dismissing procedural due process claim as the plaintiff failed to explain "what process he was owed and how that process was denied").

**D.     Injury to reputation alone is not a liberty or property interest deserving Due Process protections.**

Plaintiff contends that, "the negative and defamatory natured [sic] of Plaintiff's false arrest prohibited him form [sic] earing [sic] money serving bench warrants, and damaged his reputation in the law enforcement community." *(ECF No. 23, p. 16)*.

To the extent that Plaintiff relies on purported damage to his reputation as supporting a Fourteenth Amendment claim, Defendants submit that such an attempt must fail. "[R]eputation alone is not an interest protected by the Due Process Clause." *Clark v. Falls Twp.*, 890 F.2d 611, 619 (3d Cir. 1989)(citing *Paul v. Davis*, 424 U.S. 693 (1976); *see also Siegert v. Gilley*, 500 U.S. 226, 233 (1991)("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). The Supreme Court has further noted that its precedent "establishes no constitutional doctrine converting every [alleged] defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause." *Id.* (citing *Paul*, 424 U.S. at 702); *Clark*, 890 F.2d at 619 (describing the standard set forth in *Paul* as a "formidable barrier").

Instead, "defamation is only actionable under 42 U.S.C. § 1983 if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Id.* (citing *Paul*, 424 U.S. at 701-02). This standard, which has been termed the "stigma plus" test, requires a showing of injury to one's reputation (the "stigma") in connection with the deprivation of a constitutionally protected interest, "generally termination of employment" (the "plus"). *Graham v. City of Phila.*, 402 F.3d 139, 142 n.2 (3d Cir. 2005).

Plaintiff has failed to plead damage to his reputation, i.e. "stigma" that was accompanied by the extinguishment of any constitutionally protected right.  "To obtain relief under the

substantive component of the Due Process Clause for a deprivation of property, a plaintiff must...establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Desi's Pizza*, 321 F.3d 411 (3d Cir. 2003)(citing *Woodwind Estates, Ltd. v. Gretkowski*, 205 F.3d 118, 123 (3d Cir. 2000)); *Desi's Pizza*, 2006 U.S. Dist. LEXIS 59610 (M.D. Pa. 2006) ("It is the responsibility of the Plaintiffs, in order to demonstrate a § 1983 substantive due process claim, to provide the requisite evidence of a protected property interest."). As set forth above, the Amended Complaint fails to allege the loss of such a protected property interest.

Thus, it follows that where, as here a plaintiff only alleges damage to his reputation plus a decrease in earnings, rather than the loss of a protected property interest he fails to state a due process claim. *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399 – 404 (3d. Cir. 2000) (defamatory statements that curtail a plaintiff's business opportunities do not suffice to support a substantive due process claim).

## CONCLUSION

Plaintiff does not dispute the remainder of Defendants' Motion to Dismiss his Amended Complaint in Part. As such, for the reasons set forth hereinabove and in their previously filed Motion to Dismiss and supporting Brief, Defendants respectfully request that this Honorable Court dismiss the Manor Township Police Department as a Defendant herein; dismiss Plaintiff's malicious prosecution claims against the Township (and Police Department) in Count III; and dismiss Count II as to all Defendants for failure to state a claim for violation of Fourteenth Amendment due process rights.

3841026.1

Respectfully submitted:

**THOMAS, THOMAS & HAFER, LLP**

By:      _/s/  Suzanne  B.  Merrick_
        Suzanne B. Merrick, Esquire
        Pa. ID No: 47724
        Brook T. Dirlam, Esquire
        Pa. ID No: 322841
        525 William Penn Place
        Suite 8750
        Pittsburgh, PA  15219
        Phone: 412-697-7403
        Fax: 412-697-7407
        Counsel for Defendants

9

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within document was forwarded
to counsel below by electronic filing on the 11th day of June, 2019.

Lawrence E. Bolind, Jr., Esquire
238 Main Street
Imperial, PA  15126-1021
*Counsel for Plaintiff*

**THOMAS, THOMAS & HAFER, LLP**

By:     */s/  Suzanne  B.  Merrick*
Suzanne B. Merrick, Esquire

10

3841026.1