**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


**CHARLES BRACKEN**                                        No: 2:19-cv-185 DSC


      *Plaintiff*


    v.


**MANOR TOWNSHIP,
THE MANOR TOWNSHIP POLICE
DEPARTMENT and FORMER CHIEF
ERIC S. PETROSKY, (in his official capacity
and as an individual), jointly and severally,**


      *Defendant*s

                      *ELECTRONICALLY FILED*


**Plaintiff's Pretrial Statement**

**I. Facts**

Plaintiff is an elected Pennsylvania State Constable in his community of Kittanning Township, Armstrong County, Commonwealth of Pennsylvania. On February 21, 2017 Plaintiff was on duty, in his official capacity as elected Constable. The Plaintiff was traveling that morning to meet with his partner to serve warrants. However, before he could meet with his partner, Plaintiff's estranged wife, Laura Bracken, texted Plaintiff and threatened that she was going to kill herself and their two children. Plaintiff at that time had a Temporary Protection From Abuse Order (PFA) placed against him by his estranged wife. The Temporary PFA had no firearms restrictions placed against Plaintiff.

Alarmed, Plaintiff immediately contacted Detective Robin Davis of the Armstrong County District Attorney's Office and appraised her of the developing situation. Detective Davis confirmed that the "children are not part of the PFA" and Plaintiff had a right to pick his children up at school.

Plaintiff also contacted Michael Bramlet, head of security for the Armstrong Area Schools and appraised him that Plaintiff would first go to the high school and pick up his son (age 16 years old) and then go to Lenape Elementary School to pick up his daughter (age 10 years old). Plaintiff also contacted Manor Township Police Chief Petrosky by calling Armstrong County 911(with Defendant Petrosky returning the call on his cell phone) and confirmed that there was no problem with custody issues and firearms restrictions with the Plaintiff picking up his children at school.

Plaintiff first went to the Armstrong Area High School, picked up his son, and then dropped his son off with a friend. Then, Plaintiff immediately traveled to Lenape Elementary School in order to pick up his minor daughter.

Plaintiff was wearing his customary Constable work gear, black polo shirt, khaki tactical pants,  his police radio, sidearm, and cuffs.

Plaintiff pressed the school entrance door intercom buzzer, identified himself as Charles Bracken, and signed in at the school office, stating that he was there to pick up his daughter and requested to speak with a school counselor.

The school counselor came out of her office, and the Plaintiff showed her his driver's license, Constable badge and ID and the text messages received from his estranged wife. They both stepped into an adjacent office/conference room. The school counselor read the text messages and afterwards left the office/conference room. After being alone for five to ten minutes in the office/conference room , the Plaintiff heard on his police duty radio, ..."Badge 9-1, (Chief Petrosky's badge number),

Page -1-

is at the school." Shortly thereafter the Plaintiff heard on his radio that Manor Township had arrived at the school and that the Plaintiff ..."is in the school."

Unknown to Plaintiff was that the school counselor had surreptitiously contacted the Plaintiff's ex-wife, and the ex-wife and her mother had arrived at the school after the Plaintiff, and had entered the school office area by a separate entrance. Plaintiff never saw his ex-wife at the school.

The Petrosky, knowing that the Plaintiff was a state constable, entered the school office area, stood in the doorway of the conference room, pointed his finger at the Plaintiff and announced, "I am taking you (pointing at Plaintiff) in!" Michael Bramlet, head of school security testified that the Plaintiff was never demonstrative or threatening in any manner, and remained calm and cooperated fully with Petrosky. Petrosky ordered Plaintiff to hand over his service weapon, placed the Plaintiff in his custody and escorted the Plaintiff out of the school building.

Plaintiff was placed into the back of Petrosky's police car and transported to the Manor Township Police Department. The Manor Township Police Department office is a thirteen by thirteen foot room. While the Plaintiff was in custody, Petrosky called the Armstrong County District Attorney's Officer and spoke to ADA Chase McClister (McClister is currently an Armstrong County Common Pleas Judge). Plaintiff was sitting immediately next to Petrosky's desk and the clearly heard the conversation between Petrosky and ADA McClister perfectly.

Petrosky informed ADA McClister that he wanted to charge Plaintiff with felony weapons possession and a PFA violation. ADA McClister informed Petrosky that there wasn't a PFA violation. In his deposition testimony, McClister also informed Petrosky that because McClister was unsure of the law pertaining to state constables and was unsure of any restrictions as to their

authority to carry weapon, McClister wasn't sure if any crime had been committed, and it wasn't necessary to detain the Plaintiff, or seize the Plaintiff's service weapon. Instead of listening to ADA McClister, Petrosky took Plaintiff, and cuffed Plaintiff's right hand to a bench in the holding cell within the Manor Township Police Department.

Shortly thereafter, Plaintiff's estranged wife arrived at Manor Township Police Department where Plaintiff could hear Petrosky tell her that he was currently typing up felony charges against Plaintiff, contrary to the instructions given by the ADA. Subsequent to that day, based on Petrosky's statements, the estranged wife posted on Facebook that Plaintiff was in jail on felony gun charges and PFA violations, further permanently damaging Plaintiff's reputation in the community. Eventually, Petrosky released Plaintiff from the bench confinement chains. Petrosky informed the Plaintiff that Plaintiff wasn't getting his handgun back at this time, but would get it at a later time.

Petrosky was not permitted to file felony charges without the authorization of the Armstrong County District Attorneys Office. Nine months after Plaintiff's arrest, on November 22, 2017, Petrosky filed a criminal complaint listing a misdemeanor possession of weapons on school property charge, along with a misdemeanor disorderly conduct. Both charges were filed without review or approval of the Armstrong County District Attorneys Office.

Plaintiff is permitted by State Law, as an elected constable, to carry a weapon while on duty, for lawful purposes, within the Commonwealth of Pennsylvania, including on school property. Plaintiff is also protected by Pennsylvania case law, *Commonwealth v. Andrew Josiah Goslin*, 156 A.3d 314; 2017 Pa. Super. LEXIS 93; 2017 PA Super 38; 2017 WL 631827(2017), in that Plaintiff shall be permitted to carry his weapon while on or off duty,  as Plaintiff is authorized to carry a weapon for lawful purposes.

Plaintiff's attorney at the time, (per her deposition testimony) informed the then Armstrong County District Attorney (Scott Andressi), and the District Attorney elect (Katie Charlton), and Petrosky, at various times after February 2017 and up to November 2017, that the *Goslin* case was controlling law, and that the Plaintiff was within his rights to carry his service weapon on school grounds.

Ultimately Petrosky had to withdraw all charges against Plaintiff, but then attempted to intimidate Plaintiff by telling him that "other agencies are looking into this" suggesting that there are "other law enforcement" investigating Plaintiff because of the alleged gun charges. Plaintiff believes that Petrosky was attempting to intimidate Plaintiff to prevent Plaintiff from filing a Civil Rights Lawsuit against Petrosky.

Sometime in March 2018, Plaintiff was able to collect his seized duty firearm. Because of Petrosky's illegal arrest and seizure of Plaintiff and his service weapon, Plaintiff was not permitted to work bench warrants from the District Attorneys Office, essentially reducing Plaintiff's annual earnings by more than half. Additionally, the filing of the criminal charges affected Plaintiff's ability to work as a constable on other jobs, *e.g.*, security for Slippy Rock Schools, and other security contracts.

Petrosky, while acting within the scope of his appointed public office and employment, filed baseless criminal charges against the Plaintiff, violating the due process rights of the Plaintiff, Fourth Amendment Seizure, along with tort of Malicious Prosecution in the Commonwealth of Pennsylvania. The actions of Petrosky caused injury to the Plaintiff without due process of law and in violation of state law.

**II. Witnesses**

**A. Liability Witnesses**

1.      Charles Shane Bracken
        761 Fairview Street
        Ford City, PA 16226
        724-919-3137

2.      Hon. Chase McClister
        Armstrong County Courthouse
        500 E. Market Street, Suite 208
        Kittanning, PA 16201
        (724) 548-3328

3.      Linda Ziembicki
        109 North Mechanic Street
        PO Box 602
        Dayton, PA 16222
        724-525-4577

4.      Scott Andressi, Esquire
        617 South Pike Road
        Sarver, PA 16055
        724-540-1161

5.      Michael Bramlet
        Armstrong Security & Investigations
        724-919-4336
        104 S. Water St.
        Kittanning, PA 16201

6.      Eric Petrosky
        1942SR 66
        Ford City, PA 16226
        724-859-1909

7.      Any and all persons identified in the parties pleadings, discovery, and the Defendant's

        Pretrial Statement.

8.      Plaintiff reserves the right to call any person listed in Defendant's Pretrial Statement and

supplements thereto.

## B.  Damages Witnesses

1.      Charles Shane Bracken
        761 Fairview Street
        Ford City, PA 16226
        724-919-3137

2.      Frank Pitzer
        Ford City, PA 16226
        724-689-6729

3.      Any and all persons identified in the parties pleadings, discovery, and the Defendant's

Pretrial Statement.

4.      Plaintiff reserves the right to call any person listed in Defendant's Pretrial Statement and

supplements thereto.

## C.  Other Witnesses

1.      Any person who is necessary for the identification or authentication of any records, bills,

photographs, documents, computer records, or other exhibits introduced at trial.

2.      Plaintiff reserves the right to present the testimony of any witness listed in the Defendant's

Pretrial Statements or any other pleading filed.

3.      Plaintiff reserves the right to present any impeaching or contradicting evidence, which may

be necessitated by testimony of defendant and/or her witnesses.

4.      Plaintiff reserves the right to engage in additional discovery after the date of the Pretrial

Conference and thereafter to amend his Pretrial Statement by adding names of witnesses

and/or experts.

## D. Experts

1.  None at this time.

2.  Any and all expert witnesses listed in Defendant's Pretrial Statement.

3.   Plaintiff reserves the right to call any person listed in Defendant's Pretrial Statement and

supplements thereto.

## V. Exhibits
1.  Trial Exhibit List

| Exhibit Number | Description |
| --- | --- |
| 1. | Plaintiff's Amended Complaint |
| 2. | Defendant's Answers |
| 3. | Michael Bramlet Deposition Exhibits (all) |
| 4. | Linda Ziembicki Deposition Exhibits (all) |
| 5. | Scott Andressi Deposition Exhibits (all) |
| 6. | Frank Pitzer's Affidavit |
| 7. | Criminal Complaint filed at CR 362-17 |
| 8. | Ashleigh Wasson Second Deposition's Exhibits (all) |
| 9. | Accounts Payable Invoice Report dated 1-1-15 / 12-31-18 |
| 10. | MDJ Owens Record of Payments |
| 11. | Records from Armstrong Security and Investigations (multiple) |
| TBD | Screenshots from Defendant's Cell Phone Records (multiple) |
| TBD | Defendant's Petrosky's Redacted Personnel File (multiple) |
| TBD | Defendant's Pennsylvania State Police Personnel File (not produced) |
| TBD | Manor Twp Police Incident Case File |
| TBD | Wasson Emails submitted by Lenape Elementary School Solicitors |
| TBD | All exhibits and documents exchanged between the parties during discovery, including deposition transcripts and exhibits. |

2.      Plaintiff reserves the right to present the exhibits listed in Defendant's Pretrial Statement or in any other pleading or discovery document filed in this action.

3.      Plaintiff reserves the right to present any impeaching or contradicting evidence which may be necessitated by the testimony or exhibits of the Defendants and/or her witnesses.

## VI. Other

1.      Plaintiff reserves the right to present the testimony of any person necessary for the identification of any bills, records, reports, photographs, computer files, documents or exhibits introduced at trial.

2.      Plaintiff reserves the right to present the testimony of any witness listed in Defendant's Pretrial Statement or in any other pleading or discovery document filed in this action.

3.      Plaintiff reserves the right to present any impeaching or contradicting evidence which may be necessitated by the testimony of the Defendant and/or their witnesses.

4.      Plaintiff reserves the right to engage in additional discovery after the date of the Pretrial Conference and/or to thereafter amend his Pretrial Statement by adding the names of witnesses, expert or otherwise.

Respectfully submitted,

/s/ LE Bolind, Jr.
Lawrence E. Bolind, Jr.
Attorney for Plaintiff
Charles Shane Bracken

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document was served this 1st day   of   July, 2020, by ECF, upon the following:

Suzanne B. Merrick, Esquire
Brook T. Dirlam, Esquire
525 William Penn Place
37th Floor, Suite 3750
Pittsburgh, PA  15219
Phone:  412-697-7403
Fax:  412-697-7407
*Counsel for Defendants*


                         /s/ LE Bolind, Jr.
                         Lawrence E. Bolind, Jr.
                         Attorney for Plaintiff

                         PA ID No.  44827
                         238 Main Street
                         Imperial, PA 15126-1021

                         724-695-8620
                         724-695-8621 (fax)