# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH

**CHARLES BRACKEN**

    *Plaintiff*

v.

**MANOR TOWNSHIP, THE MANOR TOWNSHIP POLICE DEPARTMENT and FORMER CHIEF ERIC S. PETROSKY (in his official capacity and as an individual), jointly and severally,**

    *Defendants*

No: 2:19-CV-185 DSC

*ELECTRONICALLY FILED*

JURY TRIAL DEMANDED

### Plaintiff's Response in Opposition to Defendant's Response in Opposition to Request to Clerk for Entry of Default

NOW comes, the Plaintiff, Charles Bracken, by and through his counsel, L.E. Bolind, Jr., Esquire, and files his Response in Opposition to Defendant's Response in Opposition to Request to Clerk for Entry of Default, as follows:

1. Admitted and expanded. The Defendants' Answer was filed 205 days late.

2. Denied. The Plaintiff is without sufficient information to admit or deny the truth or falsity of the averments in this paragraph and as such the same are denied.

3. Denied. The Plaintiff is without sufficient information to admit or deny the truth or falsity of the

averments in this paragraph and as such the same are denied.

4. Admitted and expanded. The Answer was filed 205 days late, more than sufficient time to file their Answer, or for the Defendants to request an expansion of time to file an Answer as ordered by the Court.

5. Admitted and expanded. The Defendants were represent by two very experience legal counsel from a large law firm. Court filing notices were electronically sent to both attorneys and to three of their support staff.

6. Admitted.

7. Admitted and expanded. It is admitted that discovery was completed, and as a result the facts now clearly show that the Defendants have violated the Plaintiff's rights and have injured him by their unlawful actions.

8. Admitted in part, and denied in part, and clarified. It is admitted that the Defendants have filed a Motion to Compel and a Motion for Sanctions based on an unverified and flawed report and that Plaintiff strenuously denies any wrongdoing. The Defendants can and have filed Motions, but they have neglected to file an Answer, and therefore have admitted to all of the Plaintiff's well-pleaded allegations in the Plaintiff's Amended Complaint.

9. Denied. A defaulting party is ordinarily foreclosed from raising any defenses other that a challenge to the legal sufficiency of the pleading to support a cognizable judgment.

10. Denied. The Plaintiff does not have to show any prejudice because of the Defendants failure to follow this Court's Memorandum Order (Doc. No. 51) within a period of 205 days.

11. Admitted and expanded. It is admitted that the Defendants failure to follow this Court's Memorandum Order (Doc. No. 51) is neglect, however, the Defendants had 205 days to correct

this neglect.

12. Admitted and expanded. The Defendants' Answer was filed 205 days late.

13. Denied. The Plaintiff is without sufficient information to admit or deny the truth or falsity of the averments in this paragraph and as such the same are denied.

14. Denied. The Plaintiff is without sufficient information to admit or deny the truth or falsity of the averments in this paragraph and as such the same are denied.

15. Denied and expanded. The Plaintiff is without sufficient information to admit or deny the truth or falsity of the averments in this paragraph and as such the same are denied, however, any transitional period of time could not have included the entire 205 days before the late filing of the Answer.

16. Admitted in part and denied in part. It is admitted that the Answer was filed the day following the filing of the Request for Entry of Default, however, the Plaintiff is without sufficient information to admit or deny the truth or falsity of the averments in the remainder of this paragraph and as such the same are denied.

17. Admitted in part and denied in part. It is admitted that the Answer was filed the day following the Request for Entry of Default, or 205 days late, however, the Plaintiff is not required to prove no prejudice or harm or injury because of the Defendants failure to file the most basic fundamental pleading, i.e., their Answer, by the due date specified in this Court's Memorandum Order. The delay could have been remedied anytime within 205 days prior to the Entry of Default.

WHEREFORE, Plaintiff's counsel respectfully requests that the Entry of Default for the Defendants failure to plead or otherwise defend remain, because per F.R.C.P. Rule 55, entry of

default is mandatory, not discretionary.

                                                Respectfully submitted,

Date: October 22, 2020        /s/ L/E. Bolind, Jr.
                                                Pa.I.D. 44827
                                                238 Main Street
                                                Imperial, PA 15126-102130
                                                724-695-8620
                                                724-695-8621 (fax)
                                                bolindlaw@verizon.net
                                                Counsel for Plaintiff, Charles Bracken

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES BRACKEN** | |
| | No: 2:19-cv-185-DSC |
| *Plaintiff* | |
| v. | *ELECTRONICALLY FILED* |
| **MANOR TOWNSHIP, THE MANOR TOWNSHIP POLICE DEPARTMENT and FORMER CHIEF ERIC S. PETROSKY(in his official capacity and as an individual), jointly and severally,** | **JURY TRIAL DEMANDED** |
| *Defendant*s | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of Plaintiff's Response in Opposition to Defendant's Response in Opposition to Request to Clerk for Entry of Default was served by the ECF system on the following:

Suzanne B. Merrick, Esquire
Thomas Thomas & Hafer, LLP
525 William Penn Place
37th Floor, Suite 3750
Pittsburgh, PA 15219

                                          By: /s/ Lawrence E. Bolind, Jr.
                                          Lawrence E. Bolind, Jr., Esquire
                                          Pa.I.D.  44827
                                          238 Main Street
                                          Imperial, PA 15126-102130
                                          724-695-8620
                                          724-695-8621 (fax)
                                          bolindlaw@verizon.net

Date: October 22, 2020